(27 Misc. Rep. 72.)

### WORKUM v. CALDWELL.

(Supreme Court, Special Term, St. Lawrence County.  April, 1899.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY.
    An assignment for the benefit of creditors, made by a nonresident, if valid in the state where made, is valid in the state where the assigned property is situated, unless it violates the statutory law or public policy of such state.
2. SAME—BY PARTNERSHIP ASSOCIATION.
    The provision of the "partnership association" act of Pennsylvania (Laws 1874, p. 271), providing for the dissolution of an association organized under it upon a vote of the majority of its members, does not, by implication, prevent the association from making a general assignment for the benefit of creditors.

Action by Julius F. Workum, as assignee for the benefit of creditors of the Lehigh Construction Company, Limited, against Charles C. Caldwell, for conversion.  Judgment for plaintiff.

Simpson, Thacher & Barnum (Thomas Spratt, of counsel), for plaintiff.

H. Benjamin Chase (Charles A. Kellogg, of counsel), for defendant.

KELLOGG, J. The plaintiff claims to be assignee, under the general assignment law of this state, for the benefit of creditors of the Lehigh Construction Company, Limited, a quasi corporation organized under the laws of the state of Pennsylvania. The assignment is in form, and was recorded in the county of St. Lawrence, and the property of the Lehigh Construction Company, Limited, was taken possession of by said assignee, and was in his possession when taken by the defendant, as sheriff, by virtue of writs of attachment sued out by creditors of and against the property of the Lehigh Construction Company, Limited. The actions in which such writs were issued were in form against the Lehigh Construction Company, Limited, alleging this to be a foreign corporation. The affidavits and writs make the fact that the Lehigh Construction Company, Limited, is a foreign corporation on the ground of the issuance of the writs. The facts in the case are substantially all agreed upon, and the single question for the court seems to be, is the assignment void? If void, the plaintiff has no standing in court, and the property attached is still the property of the Lehigh Construction Company, Limited, with no protective assignment between it and its creditors; and, if valid, the plaintiff is entitled to recover judgment for the agreed value of the property. "Assignments of personal property which are valid by the law of the domicile of the assignor are generally recognized as valid by the law of the state where the property may be situated, unless they violate its statutory law, or its known and settled public policy." Barth v. Backus, 140 N. Y. 230, 35 N. E. 425; Vanderpoel v. Gorman, 140 N. Y. 567, 35 N. E. 932; Rogers v. Pell, 154 N. Y. 519, 49 N. E. 75. These cases also hold that at common law an insolvent corporation could make a general assignment for the benefit of creditors, and under the laws of this state, as declared by the courts, a general assignment made by any debtor, whether a natural person or the creature of a statute having its domicile in a sister state, should and would be recognized here as valid if made without preference, and without imposing conditions upon the creditor; such assignment having for its sole object a fair and equitable distribution of its assets among its creditors. This is not contrary to any statute law of this state. It is in line with its declared public policy, and is in the highest sense equitable as respects the rights of creditors. This assumes that such assignment is not invalid by the laws of the place where made. The question here must, then, wholly turn upon the validity of this assignment under the law of the state of Pennsylvania; and if the assignment is to be held invalid there, it must be so held because of some statute law of that state which makes it so. The common law declares it valid. It does not seem of the highest importance to determine whether the Lehigh Construction Company, Limited, is or is not an incorporated company. It is a creature of the statute of the state of Pennsylvania. Laws 1874, p. 271. It is called by the law which gives it life a "partnership association." If it had been named in the law a "stock corporation," it

would have been readily recognized as one of the corporate family. That the Lehigh Construction Company, Limited, is an artificial body or association, created by statute, seems to be clear; and unless the statute in which it is born in terms or by implication prohibits a general assignment of its property for benefit of creditors in case of insolvency, then by the common law such an assignment would be good there and here. The statute permitting and governing the organization, like the statutes of most states respecting corporations, provides a method of dissolution. Such dissolution may happen when the period fixed for the duration of the association has expired, or whenever, by a vote of the majority in number and value of interest, it shall be so determined; and in case of dissolution, as here contemplated, a mode is pointed out. The mode is the familiar one,—first the payment of debts, and then a distribution of what remains among the members according to their interest. This mode seems to contemplate the election of "liquidating trustees" to wind up the concern and distribute the remaining assets among the members. But it is readily seen that these steps can be taken and this mode pursued only in case of dissolution. Similar methods are provided in every state for dissolution of corporate bodies, and only at the domicile of the corporate body can such dissolution take place. If these provisions of the statute of a state regarding dissolution could be interpreted as prohibitory of a general assignment, then no foreign corporation could make a valid general assignment unless the statute itself gave it expressly such permission, and this would result in a conclusion contrary to that reached in the Vanderpoel Case before cited.

There is a recognized distinction between a dissolution and a general assignment. While it may be plausibly reasoned that a general assignment might cripple the business of either an individual or a corporate body, as being a declaration of insolvency, but in fact it is only a provisional mode of debt payment, it does not mean death to the individual, or dissolution of the artificial body. The business of both may be revived, and be profitably prosecuted thereafter, notwithstanding the assignment. The statute referred to under which the Lehigh Construction Company, Limited, was organized, makes no other limitation upon the right to make an assignment of its property to pay debts except what may be implied in its provisions of a mode of procedure in case of dissolution; and the resolution of the stockholders and managers shown in this case does not contemplate dissolution, but a general assignment only for payment of creditors. The assignment itself directs the appropriation of the property first to the payment of debts, and the surplus to be turned or paid over to the undissolved company. No distribution is here attempted to be made to members of the association, which marks usually the end in dissolution of a corporate or artificial body. There does not appear to be anything in the case of Tindel v. Park, 154 Pa. St. 36, 26 Atl. 300, which can be properly cited as taking a different view. That was a case of actual dissolution of the association after expiration of term of corporate existence. The company had no debts. No assignment was attempted. Through application to a court of equity, a receiver of the property was appointed to dispose of and distribute the assets among

the members.    This case holds that the statute provided in such a case a mode of procedure, and that mode must be followed.    Trustees must be elected by the members to dispose of and distribute the assets. As between the members this mode was agreed upon when they joined the association, and, unless all consented, it was the only course to be pursued.    There was no question there of insolvency, or creditors' rights, or of the power of a court of equity to interfere in a proper case for protection of other rights.    I do not see how that case bears upon the single question before me,—whether this statute prohibits the making of a general assignment of its property to pay creditors. The statutory regulations referred to are post-mortem regulations, and are not applicable where the body is not dead.    The conclusion must, in my judgment, be that the general assignment to the plaintiff was valid in Pennsylvania and is valid here.    And, following the stipulation made in this case, the plaintiff is entitled to judgment for $3,400, and judgment is so directed.

Judgment for plaintiff.